Cunningham, . J.
Heard on demurrer to the petition.
Before the act under which the board of.public service now' manages and controls the water, works of the city of Lima, a part of the new Municipal Code, the board of water works trustees elected the plaintiff its secretary, and fixed his term at two years. The statute then in force placed the management and control of the water works in that board, authorized it to elect its officers and agents and fix their terms, but the statute did not prescribe any of the duties of the secretary or other officers or agents of the board, so that they acted only under the orders of the board. Several months after the passage of the new act the Legislature abolished the office of water works trustees, and the board of public service placed their own employe in the place of Mr. Hutchison, and removed him. Mr. Hutchison waited until the end of his term, and brought suit against the city asking for a judgment for the amount of his salary for the part of his term of two years which had not expired when he was ousted. The defendant demurs to the plaintiff’s petition, and many propositions of law are raised on that demurrer and many reasons are urged by the plaintiff why he ought to recover.
E. 0. Bentley, City Solicitor, for the demurrer.
Becker & Becker, for the plaintiff.
Without entering into a discussion of the many propositions coming up on this demurrer, this court feeis that there is one proposition that disposes of the case. It is admitted by both sides, and certainly is the law, that a Legislature which has the power to create an office has the power to abolish it, and whenever it pleases. A person who is elected to an office has a proper right to the emoluments of that office and can not be removed! before the expiration of his term except for cause; but the office can be abolished whenever the legislative power so wills. The position of secretary of the board of water works trustees is not an office in a legal meaning of the term, for no one is an officer in that sense whose duties are not prescribed by the statute. The water works trustees were officers because they were vested by the statute with the management and control of the water works. Mr. Hutchison was their employe. Now it being granted that the Legislature can abolish the office, how can its management and control and official power with regard to the water works continue? This plaintiff had no duty except to carry out the rules and orders of the board of trustees. Can he continue to carry out those rules and orders when the board itself is not in existence, and thus perpetuate a power that the Legislature has destroyed? Can there be such a thing as a servant without a master, or an agent without a principal? The court thinks not. His term expired when his principal ceased to exist.
So that the demurrer to the petition will be sustained and plaintiff, desiring to plead no further, the court renders judgment on the demurrer.